M. A. POOL et al. v. A. T. ANDERSON and wife.

(Filed 13 May, 1909.)

**Deeds and Conveyances—Contracts to Convey—Grantee in Possession—Evidence of Payment—Burden of Proof—Cancellation of Note—Payee's Possession.**

> While the burden of proof to show payment is upon the grantee in possession of lands under a contract to make title, when both the grantor and grantee are dead, and the grantee, and those claiming under him, have been in continuous possession for a long lapse of time (in this case twenty-eight years), evidence of payment is sufficient to go to the jury which tends to show that the bond for title, and a note of less amount wrapped in it, with the payer's signature to the note cut out, were found among the papers of deceased payer, written upon the same kind of paper, witnessed by the same person, and no note corresponding with that mentioned in the bond was suggested or produced.

Action tried before *Adams, J.,* and a jury, at January Term, 1909, of McDowell.

Action for recovery of land. Plaintiffs claim under John E. Gray, who, on 12 March, 1879, executed a bond obligating himself to make title to S. N. Stockton upon the payment of $300, "as stipulated by note or otherwise." The signature to the bond was attested by H. W. Wise. Stockton went into possession of the land upon the execution of the bond, and remained thereon until his death, devising it to the *feme* defendant, Cordelia Anderson, who has been in possession at all times since the death of said Stockton. Defendants alleged that the purchase money for the land was paid by Stockton. There was evidence of acts and declarations of Gray and Stockton tending to sustain the

contention of both parties. For the purpose of sustaining the allegation of payment, defendants offered to introduce a note, of which the following is a copy:

"$200.

"On or about 15 April, 1879, I promise to pay John E. Gray the sum of two hundred dollars for value received of him. Witness my hand and seal, this 12 March, 1879."

The defendant A. T. Anderson testified that he found the note wrapped in the bond for title, among the papers of S. N. Stockton, after his death; that when he first saw it, it had Harve Wise's signature as a witness. He does not know Harve Wise's initials. The clerk of the court testified that the note and bond for title are on the same kind of paper and in the same handwriting, and appear to have been written about the same time, though it might appear this way if one had been written one year after the other. H. W. Wise is dead. The note had no signature, but the paper appeared to have been cut off at the place for the signature. Plaintiff objected to the introduction of the note. His Honor, being of the opinion that there was some evidence to identify the paper as a part of the note referred to in the bond, admitted it to be read to the jury, leaving to them the question of its identity. Plaintiffs excepted. There was a verdict and judgment for defendants. Plaintiffs assigned as error the admission of the note, and appealed.

*Pless & Winborne* for plaintiffs.
*Sinclair & McBrayer* for defendants.

CONNOR, J. Conceding that, notwithstanding the fact that Stockton, and those claiming under him, have been in possession of the land since the execution of the bond for title, the burden of proof to show that the purchase money had been paid was on defendant, we think that his Honor correctly held that the note was competent evidence to be considered by the jury upon that issue. Plaintiffs' counsel strongly urges that there is no evidence connecting the note with the bond for title. We think that there is evidence tending to show that it was given in part payment of the purchase money for the land. In every respect

150—40

except amount it is shown to correspond with the recitals in the bond. It bears the same date. There is evidence tending to show that it was written and witnessed by the same person, at the same time, and that the name of the payer has been cut off. If the jury found that it was given in part payment of the purchase money, we think the fact that it was found in its present condition, wrapped in the bond for title, among Stockton's papers, after his death, is a pregnant circumstance tending to show that it was paid by him; especially is this so, in view of the long-continued possession of the land under the bond. It is true that the mere possession, by the payer, of a note without any endorsement thereon is not evidence of payment unless it appears that it was delivered to the payee. When, however, the bond for title, executed by the payer, reciting the execution of a note, accompanied with the possession of the land by the payee for twenty-eight years, both parties to the transaction being dead, the note is found in the possession of the payer, wrapped in his muniment of title, it should not be excluded from the jury. The possession does not raise any presumption of payment or change the burden of proof. It is a circumstance—a condition, open to explanation, but of sufficient relevancy to the fact in issue to entitle it to be considered in connection with other evidence to aid the jury in arriving at a correct conclusion. It is a mistake to say that rules governing the admissibility of evidence, where the question of relevancy is involved, are technical. They are based upon conclusions, drawn from experience rather than logic. For instance, it is well known that among persons not engaged in trade, banking or other occupations requiring the keeping of books containing a record of their transactions, where a note is paid, the payer usually cuts or tears his name out of it and preserves it. Anyone having occasion to examine the papers of persons deceased knows that he usually finds the notes which such persons have paid canceled, as the one in controversy. It may be said that such is the general custom. The possession of a note under the conditions found in this case would be regarded as very strong evidence of its payment. This conclusion would be strengthened when the person claiming that the debt for which the note was given has not been paid is

unable to produce another note corresponding to the debt, in date, amount and other respects. It was suggested that the declaration by Stockton that he had paid the note would not be admissible. This is true, but its exclusion would not be based upon the suggestion that such declaration was not relevant, but upon the principle that a man's declarations, made in his own interest, are not admissible. Here we have an act consistent with admitted facts and conditions and inconsistent with the theory that he had not paid for the land. The other evidence bearing upon the issue is not set out in the record. It is simply stated that declarations of both parties to the transaction were admitted. Certainly, in the condition of the case, it would aid the jury to show that the note was found in the possession of the payee, wrapped in his bond. Jurors are men of experience and observation; they usually attach proper weight to facts and circumstances relating to the transactions which they are investigating. While the courts should carefully exclude such evidence as is misleading or confusing, they should admit such as experience has shown to be enlightening and helpful in getting at the truth, which is the ultimate end to which every judicial investigation should be directed. We concur with his Honor's ruling. There is

No Error.